IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MELVIN SMITH,

        Plaintiff,

vs.

TIFFANY ISLEY, STEFFANIE KOTIK, and LORI YARDLEY, Judge;

        Defendants.

8:17CV372

MEMORANDUM AND ORDER

This matter comes before the court on various motions filed by Plaintiff. (Filing No. 11-2; Filing No. 11-3; Filing No. 12.) The court shall address each motion in turn.

## MOTION FOR STATUS

Plaintiff asks the court how he is to proceed with his civil case. (Filing No. 12-2 at CM/ECF p.3.) As the court explained in its Memorandum and Order dated October 18, 2017, following payment of the initial partial filing fee, the court will conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. §1915(e)(2). (Filing No. 7 at CM/ECF p.3.) Plaintiff has paid the initial partial filing fee and the court will conduct its initial review in its normal course of business.

## MOTIONS REGARDING PLAINTIFF'S IFP STATUS

Plaintiff has filed two motions for miscellaneous relief regarding his in forma pauperis ("IFP") status. (Filing No. 11-3; Filing No. 12-1.) Plaintiff asks the court to "stop accounting at the Lancaster County jail from taking money's [sic] of my inmate account without my permission" and states that he "will pay

filing fee balance if I have to upon my release after getting a job." (Filing No. 12-2 at CM/ECF p.3.)

Plaintiff was granted leave to proceed IFP on October 18, 2017, and was ordered to pay an initial partial filing fee in accordance with 28 U.S.C. 1915(b). (Filing No. 7.) In granting Plaintiff's IFP motion, the court informed Plaintiff that prisoner plaintiffs are required to pay the full amount of the court's $350.00 filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP, and that Plaintiff's institution would be required to collect those payments. (*Id.* at CM/ECF pp.1–2); *see also* 28 U.S.C. § 1915(b). The Lancaster County Jail is merely acting in conformance with the court's order and the requirements of the Prison Litigation Reform Act, and Plaintiff's request to cease any further deductions from his inmate account for filing fees in this case is denied.

Again, Plaintiff is advised he will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

## MOTION FOR DISCOVERY

Plaintiff also asks the court to "have the trial testimony from [his state criminal] case #CR17-6652 released to [him]," which the court construes as a request for discovery. (Filing No. 11-2 at CM/ECF p.5.) As stated, the court has not yet conducted an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). No discovery may take place in this case unless the court determines that this matter may proceed to service of process. Accordingly, Plaintiff's motion for discovery is denied at this time without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Status ([Filing No. 12-2](#)) is granted. The court will conduct an initial review of Plaintiff's Complaint in its normal course of business. The clerk's office is directed to amend the docket text for Filing Number 12-2 to read: "PART 2 OF 2 – MOTION for Status regarding civil case."

2. Plaintiff's Motions for Miscellaneous Relief regarding his IFP status ([Filing No. 11-3](#); [Filing No. 12-1](#)) are denied.

3. Plaintiff's Motion for Discover ([Filing No. 11-2](#)) is denied without prejudice to reassertion.

Dated this 5th day of December, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge